UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN KINFORD,

        Plaintiff,

v.

SHANNON MOYAL et al.,

        Defendants.

Case No. 2:18-cv-01890-RFB-BNW

**SCREENING ORDER
ON AMENDED COMPLAINT**

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. ECF Nos. 1, 4. The matter of the filing fee shall be temporarily deferred. The Court accepts Plaintiff's first amended complaint ("Amended Complaint") as the operative complaint. ECF No. 4. The Court now screens Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution

or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF AMENDED COMPLAINT

In the Amended Complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC") and High Desert State Prison ("HDSP"). ECF No. 4 at 1. Plaintiff sues Defendants Shannon Moyal, Warden Bacca, Director Dzurenda, inmate Lester Canada,[1] Hubbard Pickett, the State of Nevada,[2] and John/Jane Doe 6-11. Id. at 1-3. Plaintiff alleges three Counts and seeks injunctive and monetary relief. Id. at 6-9, 12.

The Amended Complaint alleges the following: Canada sexually and physically assaulted Plaintiff. Id. at 6. Canada choked Plaintiff out in front of unit 10 at NNCC. Id. After the assault, Plaintiff remained in the unit, and Canada spent a short time "in the hole." Id. Canada was then

---

[1] Inmates do not act under color of state law. See West v. Atkins, 487 U.S. 42, 49 (1988) (holding that the "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'"). As such, Plaintiff cannot state a § 1983 claim against Defendant Lester Canada. The Court dismisses with prejudice all claims against Canada, as amendment would be futile. If Plaintiff believes he has a state law claim against Canada, he could bring a suit against Canada in state court.

[2] The Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

3

allowed into the yard again and started to threaten Plaintiff. Id. Canada got a job in the kitchen in order to "keep reigns" over Plaintiff. Id. When Moyal saw this, Plaintiff was threatened and then moved to a different prison. Id. The Amended Complaint does not specify who made this threat or the content of the threat. Id.

Canada has previously sexually assaulted Plaintiff on multiple occasions. Id. at 7. Plaintiff did not report the previous sexual assaults because he wanted to avoid being labeled a "rat" and having information about his own criminal case spread around. Id. Canada took advantage of the prison system and all the parties in this case to accomplish the sexual assaults. Id.

The Amended Complaint further alleges that Plaintiff has well documented medical problems and had an ongoing script for 60 ibuprofen at 800 mgs. Id. at 8. Starting January 3, 2019, medical staff with NDOC reduced Plaintiff's script to 40 ibuprofen at 600 mgs. Id. This was done without notice or appointment with Plaintiff or his doctor. Id. The reduction in ibuprofen has left Plaintiff in pain. Id.

Finally, the Amended Complaint alleges that another inmate has been talking to Plaintiff's minor daughter. Id. at 9. The inmate is in prison for lewdness with a minor, and Plaintiff's daughter is 12 years old. Id. NDOC has not done anything to prevent the inmate from speaking with Plaintiff's daughter. Id.

Based on these allegations, Plaintiff asserts three Counts. The Court interprets Count I as alleging failure to protect in violation of the Eighth Amendment and Count II as alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment. Count III is based on the other inmate speaking with Plaintiff's daughter. The Court will consider each Count in turn.

**A.  Count I—Eighth Amendment Violation for Cruel and Unusual Punishment**

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. Id. at 834. To demonstrate that a prison official

4

was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. Id. at 843.

The Court finds that Plaintiff fails to state a colorable claim for failure to protect under the Eighth Amendment. Plaintiff does not allege that any prison official was aware of the danger that Canada posed prior to the alleged assault. Plaintiff states that Bacca, Dzurenda, and Moyal "should of[sic] known about this since the Pres[sic] department was notified," but Plaintiff does not state in his complaint when exactly the prison officials were notified. Although Plaintiff alleges that this was not the first time that Canada assaulted him, the Amended Complaint states that Plaintiff did not report any of the earlier assaults for fearing of being labeled a "rat." It also appears from the Amended Complaint that when Canada took a job in the kitchen following the assault, Plaintiff was moved to a different prison, which kept him safely away from Canada. Because Plaintiff has not alleged that any official knew of and disregarded an excessive risk to his safety, Plaintiff fails to state a claim for failure to protect. The Court dismisses this claim without prejudice, with leave to amend.

**B.    Count II—Eighth Amendment Violations for Deliberate Indifference to Serious Medical Needs**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute

cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See* Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to state a colorable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff has not alleged that any prison official knew that the reduction in Plaintiff's ibuprofen script would result in him suffering pain. Nor has Plaintiff alleged that he has notified any official about his subsequent pain or that he has requested a return to his original script and been denied. Furthermore, Plaintiff does not allege that any of the Defendants were involved in the decision to reduce his ibuprofen script. Plaintiff refers generally to medical staff with NDOC, but none of the Defendants appear to be medical staff. As such, the Court dismisses this claim without prejudice, with leave to amend.

**C.     Count III –Eighth Amendment Violations for Deliberate Indifference**

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1)

6

the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

In Count III, Plaintiff alleges that another inmate has been talking to his daughter. Plaintiff argues that the inmate should not be allowed to talk to his daughter because the inmate was convicted of lewdness with a minor. The Court finds that these allegations fail to state a colorable claim under 42 U.S.C. § 1983. The allegations do not support a conclusion that any of Plaintiff's rights have been violated. The Court dismisses Count III with prejudice, as amendment would be futile.

### D.   Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the Amended Complaint. If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint and amended complaints, thus, the second amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, this action will be dismissed for failure to state a claim.

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court file the Amended Complaint (ECF No. 4) and send Plaintiff a courtesy copy. This is the operative complaint in this case.

IT IS FURTHER ORDERED that Count I, alleging failure to protect under the Eighth Amendment, and Count II, alleging deliberate indifference to Plaintiff's serious medical needs under the Eighth Amendment, are dismissed, without prejudice, with leave to amend.

IT IS FURTHER ORDERED that Count III is dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that Defendants Canada and the State of Nevada are dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that Defendants Moyal, Bacca, Dzurenda, Pickett, and John/Jane Doe 6-11 are dismissed without prejudice.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of the Amended Complaint, as outlined in this order, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

DATED this 28th day of October 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**