UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN KINFORD,

Plaintiff

v.

SHANNON MOYAL et al.,

Defendants

No. 2:18-cv-01890-RFB-BNW

**ORDER**

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 11. The Court accepts Plaintiff's second amended complaint ("SAC") as the operative complaint. The Court now screens Plaintiff's SAC pursuant to 28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a

1

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF SECOND AMENDED COMPLAINT

In the SAC, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC") and High Desert State Prison ("HDSP"). ECF No. 11 at 1. Plaintiff sues Defendants Shannon Moyal, Warden Bacca, Director Dzurenda, and Hubbard Pickett. Id. at 1-3. Plaintiff alleges two counts and seeks injunctive and monetary relief. Id. at 6-9, 12.

The SAC alleges the following: Plaintiff was sexually assaulted by another inmate. Id. at 3. When Plaintiff put up resistance, the other inmate choked Plaintiff out in front of his housing unit. Id. The assailant was put in isolation for a short time. Id. at 6. At some point after the assailant left isolation, he was allowed to work in the same area as Plaintiff. Id. At some point after that, Plaintiff was called into Moyal's office and chewed out for being in the same area as the assailant. Id. at 7. Plaintiff was eventually transferred to a different prison.[1] Id.

The SAC further alleges that Plaintiff has well documented medical issues including five surgeries that have occurred since Plaintiff's incarceration. Id. at 8. The surgeries involved putting hardware into Plaintiff's face and leg. Id. Despite the surgeries,

---

[1] Prior to his incarceration, Plaintiff was in a severe motorcycle accident, and his memory was impaired. ECF No. 11 at 5. As a result, it is difficult for Plaintiff to remember the specific dates of the alleged events. Id. at 5-6.

Plaintiff continues to have pain and swelling in his face. Id. Plaintiff receives 600 mgs of ibuprofen for the pain. Id. Plaintiff previously received 800 mgs of ibuprofen, which was better at reducing his pain. Id. Plaintiff is still in pain daily. Id.

Based on these allegations, Plaintiff brings claims of failure to protect in violation of the Eighth Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment. The Court will consider each Count in turn.

### A. Failure to Protect

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. Id. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. Id. at 843.

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

4

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011). "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." Id. at 1207. As such, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Id.

The Court finds that Plaintiff fails to state a colorable claim for failure to protect under the Eighth Amendment. Plaintiff does not allege that any NDOC officials were aware of any risk to Plaintiff prior to the assault. Thus, Plaintiff's claim for a failure to protect relies on the allegation that at some point after the assault, Plaintiff's assailant was allowed to work in the same area as Plaintiff. But it is not clear from the SAC whether there was any risk to Plaintiff's safety at that time. It does not appear that there was any further attack, and the SAC does not provide any details about the situation, such as whether there were guards present to prevent any possible attack.

Furthermore, even assuming that there was a substantial risk of harm, Plaintiff does not allege that any of the Defendants were personally aware of and ignored that risk. See Taylor, 880 F.2d at 1045. The only allegation about any of the Defendants in this case was that, at some point after the assault, Moyal yelled at Plaintiff for being in the same area as his assailant. Based on this allegation, it appears that Moyal was not aware of any potential for Plaintiff and his assailant to be in the same area, and Moyal was in fact upset to find out about it. At some point after that, Plaintiff was transferred to a different prison, ensuring that he would not come into contact with his assailant. The allegation that Moyal yelled at Plaintiff after finding out that Plaintiff was in the same area as his assailant is not sufficient to state a colorable claim that Moyal was aware of a risk to Plaintiff's safety and disregarded the risk. The SAC does not include any allegations

5

about any of the other Defendants.  The Court dismisses this claim without prejudice and with leave to amend.

## B. Deliberate Indifference to a Serious Medical Need

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.  Farmer v. Brennan, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted).  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to state a colorable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  As the Court explained in its first screening order, Plaintiff must allege not only a serious medical need,

but that one of the Defendants was aware of his medical need and ignored it. The SAC does not contain any allegations about any of the Defendants involvement with his medical care. Plaintiff appears to allege essentially that his medical needs are clear from his medical files. But this is not sufficient to state a colorable claim against any of the Defendants. The Court dismisses this claim without prejudice and with leave to amend.

### D. Leave to Amend

Plaintiff is granted leave to file a third amended complaint to cure the deficiencies of the SAC. If Plaintiff chooses to file a third amended complaint, he is advised that a third amended complaint supersedes (replaces) the original complaint and any previous amended complaints, thus, the third amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's third amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the third amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Third Amended Complaint."

The Court notes that If Plaintiff chooses to file a third amended complaint, he must be very clear on how each individual Defendant violated his constitutional rights. It is not sufficient to allege generally that his constitutional rights have been violated, without tying those alleged violations to any of the Defendants. If Plaintiff cannot state a colorable claim in a third amended complaint, the Court will dismiss Plaintiff's claims with prejudice as further amendment would be futile.

If Plaintiff chooses to file a third amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the third amended complaint within 30 days from the

date of entry of this order. If Plaintiff chooses not to file a third amended complaint curing the stated deficiencies, this action will be dismissed for failure to state a claim.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Clerk of the Court send Plaintiff a courtesy copy of the second amended complaint. ECF No.11. This is the operative complaint in this case.

**IT IS FURTHER ORDERED** that Count I, alleging failure to protect under the Eighth Amendment, is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Count II, alleging deliberate indifference to Plaintiff's serious medical needs under the Eighth Amendment, is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Defendants Moyal, Bacca, Dzurenda, and Hubbard Pickett, are dismissed without prejudice.

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to file a third amended complaint curing the deficiencies of the second amended complaint, as outlined in this order, Plaintiff will file the third amended complaint within 30 days from the date of entry of this order.

**IT IS FURTHER ORDERED** that, If Plaintiff cannot state a colorable claim in a third amended complaint, the Court will dismiss Plaintiff's claims with prejudice as further amendment would be futile.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file a third amended complaint, he should use the approved form and he will write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.

///

///

///

///

///

**IT IS FURTHER ORDERED** that, if Plaintiff fails to file a third amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS 20th day of November 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**