UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN KINFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>SHANNON MOYAL<br><br>        Defendant. | Case No. 2:18-cv-01890-RFB-EJY<br><br>ORDER |

### I.    INTRODUCTION

Before the Court are Plaintiff's Motions for a Preliminary Injunction and a Restraining Order. ECF Nos. 27, 28. For the following reasons, the Court denies both motions.

### II.    PROCEDURAL BACKGROUND

Plaintiff brought this lawsuit on September 28, 2018. ECF No. 1. The operative third amended complaint was filed on December 12, 2019. ECF No. 16. The complaint asserts Eighth Amendment failure-to-protect and Eighth Amendment deliberate indifference claims. Id. Plaintiff filed the instant motions for a temporary restraining order and preliminary injunction on April 6, 2020. ECF Nos. 27, 28.[1] Defendant filed a response on May 20, 2020. ECF Nos. 45–48. This written order now follows.

### III.    FACTUAL BACKGROUND

Plaintiff is currently incarcerated at Lovelock Correctional Center ("LCC"). In 2004 or 2005—before Plaintiff's current incarceration, Plaintiff suffered multiple injuries from a motorcycle accident that resulted in Plaintiff having several screws inserted in his face and suffering from chronic leg and face pain. ECF No. 27, Def.'s Opp. 3.

---

[1] The motions are identical.

Plaintiff alleges in his emergency motion that until some time in April 2020, he was being prescribed 800 milligrams of ibuprofen to be taken three times a day as needed. Pl.'s Mot. Prelim. Inj. 4.  Plaintiff alleges that LCC medical has since lowered his dosage so that he is only taking 600 milligrams of ibuprofen, and that he does not receive enough tablets to be able to take up to three times a day as needed. Id.   Plaintiff seeks an injunction for "some kind of pain relief." Id. In his opposition, Defendant confirms that Plaintiff had previously been prescribed 800 mg of ibuprofen in addition to other medications, and that the prescribed amount was reduced to 600 mg in January 2019. Def's Opp at 3.

### IV.     LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

**V.     DISCUSSION**

The Court denies Plaintiff's motion because it finds that plaintiff has failed to demonstrate a likelihood of success on the merits of his Eighth Amendment deliberate indifference claim.

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir.1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc) (internal quotation marks omitted).

"To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment— and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014).

To establish the objective standard prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation and quotation marks omitted). To satisfy the subjective deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

(internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). A defendant may be held liable under 42 U.S.C. § 1983 for deliberate indifference claims "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court finds that Plaintiff's chronic pain is a serious medical need. See McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir. 1992), (noting that "the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious medical need" for medical treatment.") overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). However Plaintiff has not demonstrated that Defendant or other staff of LCC have been indifferent to Plaintiff's pain.

The medical records indicate that Plaintiff's dosage of 800 mg of ibuprofen was reduced to 600 mg to reduce heartburn caused by long term use of ibuprofen. Def.'s Opp. at 4; Declaration of Rusty Donnelly, Director of Nursing Services, ¶ 8. To the extent that Plaintiff disagrees with the decision to reduce his dosage, this is not a cognizable claim for medical indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (disagreement in chosen course of treatment not deliberate indifference absent a showing that the chosen course of treatment was medically unacceptable and chosen in conscious disregard of excessive risk to plaintiff's health). Moreover, medical records submitted after Plaintiff filed the instant motion indicate that during a May 14, 2020 visit with Medical, Plaintiff indicated that he had no complaints of pain and returned a knee brace that he had been using for his leg. Donnelly Dec. ¶ 9.

Because the Court does not find that Plaintiff can establish that Defendant has been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, the Court denies Plaintiff's motions for a temporary restraining order and preliminary injunction. The Court will also allow Defendant to file Plaintiff's medical records under seal.

### VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Steven Kinford's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF Nos. 27, 28) are DENIED

**IT IS FURTHER ORDERED**  that Defendant's Motion for Leave to File Exhibits Under Seal (ECF No. 44) is GRANTED.

DATED May 22, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**