UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN KINFORD,

    Plaintiff,

v.

SHANNON MOYAL, et al.,

    Defendants.

Case No. 2:18-cv-01890-RFB-EJY

**ORDER**

## I. DISCUSSION

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on Plaintiff's third amended complaint on December 12, 2019. (ECF No. 15). The screening order imposed a stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 15, 62). The Office of the Attorney General has filed a status report indicating that settlement was not reached and informing the Court of its intent to proceed with this action. (ECF No. 64). As such, the Court lifts the stay in this case. During the stay, Plaintiff filed numerous motions. The Court addresses these motions below.

### A. ECF No. 25

On April 1, 2020, Plaintiff filed a motion for appointment of counsel. (ECF No. 25). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of

1

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies Plaintiff's Motion for Appointment of Counsel without prejudice.

### B. ECF No. 26

On April 6, 2020, Plaintiff filed a motion requesting that $60 be transferred from his savings in his prison account to his "dept two account," so that Plaintiff can use the funds to make photocopies for his civil rights lawsuits. (ECF No. 26 at 1). The Office of the Attorney General filed a response to Plaintiff's motion, arguing that the Nevada Department of Corrections has a specific procedure in place for inmates to request a withdrawal from their savings account. (ECF No. 35 at 2). The Office of the Attorney General argues that Plaintiff's motion should be denied because it does not allege that Plaintiff went through this process and made a formal request or that any such request was denied. (*Id.*)

In his reply, Plaintiff states that he did not initially put in an official request because he was told it was doubtful that the request would be granted. (ECF No. 37 at 2). However, as of the date of Plaintiff's reply, he had made an official request, but he had not yet received a response. (*Id.*). As Plaintiff's official request for a transfer of funds was still pending at that time, the Court denies Plaintiff's motion without prejudice.

### C. ECF Nos. 40, 54, 57, 58, 59, 61

Plaintiff filed numerous motions requesting that the Court order the Office of the Attorney General to engage in settlement discussions, requesting a status update on the date of the mediation conference, or requesting that a mediation conference be set. (ECF Nos. 40, 54, 57, 58, 59, 61). The parties participated in the mediation conference on September 11, 2020. As such, the Court dismisses these motions as moot.

### D. ECF Nos 51, 52

On April 9, 2020, Plaintiff filed a motion for a temporary restraining order and a motion for a preliminary injunction. (ECF Nos. 27, 28). On May 20, 2020, the Office of the Attorney

2

General responded to the motions, and on May 22, 2020, the Court denied Plaintiff's motions. (ECF No. 50.)  On May 28, 2020, Plaintiff filed two identical motions requesting an extension to reply to the filings from the Office of the Attorney General.  (ECF Nos. 51, 52).  As the Court has already denied Plaintiff's motion for a preliminary injunction and a temporary restraining order, the Court denies Plaintiff's motions for an extension of time as moot.

## II.   CONCLUSIONS

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee.  In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (**Steven Kinford, #64984**), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office.  The Clerk of the Court shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's third amended complaint (ECF No. 16) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

5. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order (ECF No. 15), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Attorney General's Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General's Office accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the third amended complaint (ECF No. 16) within sixty (60) days from the date of this order.

9. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been

4

filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10. Plaintiff's motion for appointment of counsel (ECF No. 25) is denied without prejudice.

11. Plaintiff's motion for transfer of funds from his savings account (ECF No. 26) is denied without prejudice.

12. Plaintiff's motions regarding settlement discussions and the mediation conference (ECF Nos. 40, 54, 57, 58, 59, 61) are denied as moot.

13. Plaintiff's motions for an extension of time to file a reply to Office of the Attorney General's response to his motions for a temporary restraining order and preliminary injunction (ECF Nos. 51, 52) are denied as moot.

14. This case is no longer stayed.

DATED this 23rd day of September 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5