UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN KINFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHANNON MOYAL, et al.<br><br>　　　　Defendants. | Case No.: 2:18-cv-01890-RFB-EJY<br><br>**ORDER** |

Presently before the Court are Plaintiff Steven Kinford's Second Motion for Appointment of Counsel (ECF No. 94) and Motion for Acknowledgment (ECF No. 96). Defendant Shannon Moyle filed his Response to Plaintiff's Second Motion for Appointment of Counsel.[1] ECF No. 97. No response to Plaintiff's Motion for Acknowledgement was filed.

**I.     RELEVANT BACKGROUND**

On December 12, 2019, the Court screened Plaintiff's operative Third Amended Complaint, and permitted Plaintiff's Eighth Amendment failure to protect claim to proceed against Defendant Moyle, as well as against John Doe 1 and Jane Doe 2 when Plaintiff learned their identities. ECF No. 15 at 7. The Court also permitted Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim to proceed against John Doe 3 when Plaintiff learned his identity. *Id.*

**II.    DISCUSSION**

　　**A.     Plaintiff's Second Motion for Appointment of Counsel (ECF No. 94) is denied without prejudice.**

A *pro se* litigant does not have a constitutional right to appointed counsel upon filing a 42 U.S.C. § 1983 civil rights claim. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Rather, when considering the potential appointment of counsel for a *pro se* plaintiff, the Court must consider whether there are "exceptional circumstances" warranting such an appointment. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Ninth Circuit employs a two-

---

[1] Defendant Shannon Moyle states he was incorrectly sued as "Shannon Moyal." ECF No. 97 at 1.

prong test to determine whether "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court must evaluate the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, Plaintiff requests the Court appoint counsel to represent him in this civil action because he is unable to afford counsel; has "very limited knowledge of the law," including "how to look up proper cases" for the Court's consideration; and, Plaintiff has written to various attorneys, to no avail. ECF No. 94 at 1-2. Plaintiff also alleges this case is complex because he has been transferred from the prison where the complained of allegations took place, there is "considerable discovery" and "conflicting testimony" involved, and Plaintiff's operative Third Amended Complaint "contains several different legal claims" against "different defendants." *Id*. at 5-6.

The Court previously denied Plaintiff's First Motion for Appointment of Counsel (ECF No. 65) without prejudice. Plaintiff's refiled Motion continue to fail to present any exceptional circumstance warranting appointment of counsel for the reasons below. Applying the first prong of the *Terrell* test above, it is true Plaintiff may ultimately prevail on his Eighth Amendment failure to protect and deliberate indifference to medical needs claims. ECF No. 15 at 5-6 (Plaintiff states colorable Eighth Amendment claims of failure to protect and deliberate indifference to serious medical needs). However, the second prong of the test weighs against appointment of counsel as Plaintiff has had no problem articulating his claims. Plaintiff's "inability to retain counsel does not rise to the standard of exceptional circumstances." *Garcia v. Las Vegas Metropolitan Police Dep't*, Case No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at *3 (D. Nev. June 19, 2020). Moreover, the lack of adequate legal knowledge is not an exceptional circumstance warranting the appointment of counsel. *Zamaro v. Moonga*, 656 Fed.App'x 297, 299 (9th Cir. 2016).

With respect to the complexity of this action, although Plaintiff's transfer from the facility where the alleged civil rights violations took place may make it more challenging for him to litigate this case, the Court does not find such a development is an exceptional circumstance for an inmate

litigant warranting appointment of counsel. In addition, the existence of considerable discovery or conflicting testimony generally does not rise to the standard of an exceptional circumstance necessary for an appointment of counsel. *Garcia*, 2020 WL 3404730, at *3. Finally, Plaintiff's Eighth Amendment failure to protect and deliberate indifference to serious medical needs claims are not legally complex. *Warren v. Nev. Dep't of Corrs.*, Case No. 3:17-cv-00228-MMD-WGC, 2020 WL 5044136, at *2 (D. Nev. Aug. 25, 2020) (Eighth Amendment failure to protect claim insufficiently complex to warrant an appointment of counsel); *Bacon v. Cox*, Case No. 2:18-cv-00319-JAD-NJK, 2019 WL 8013764, at *1 (D. Nev. Feb. 28, 2019) (Eighth Amendment deliberate indifference to serious medical needs claim insufficiently complex to warrant an appointment of counsel).

Having presented no exceptional circumstance warranting court-appointed counsel, Plaintiff's Second Motion for Appointment of Counsel (ECF No. 94) is denied.

**B.    Plaintiff's Motion for Acknowledgement (ECF No. 96) is granted.**

Plaintiff's Motion for Acknowledgement asks the Court to "notify the Plaintiff if . . . it received [Plaintiff's Second] Motion for Appointment of Counsel, and if [this Motion] will be heard." ECF No. 96 at 2. The Court grants Plaintiff's Motion for Acknowledgment (ECF No. 96), to the extent that the Court confirms it has received, and denies without prejudice, Plaintiff's Second Motion for Appointment of Counsel (ECF No. 94).

**III.    ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Second Motion for Appointment of Counsel (ECF No. 94) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Acknowledgement (ECF No. 96) is GRANTED to the extent that the Court confirms it has received, and denies without prejudice, Plaintiff's Second Motion for Appointment of Counsel (ECF No. 94).

DATED THIS 22nd day of January, 2021.

                                                                                           _____
                                                                                           ELAYNA J. YOUCHAH
                                                                                           UNITED STATES MAGISTRATE JUDGE