UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN KINFORD,

    Plaintiff,

v.

SHANNON MOYAL, et al.,

    Defendants.

Case No. 2:18-cv-01890-RFB-EJY

**ORDER**

Before the Court is Plaintiff Steven Kinford's ("Plaintiff") Motion for Reconsideration ("Motion") (ECF No. 118) and Request for an I-File Review ("Request") (ECF No. 119). Defendant filed an Opposition to Plaintiff's Motion for Reconsideration ("Opposition") (ECF No. 120). No response to Plaintiff's Request (ECF No. 118) was filed by Defendant.

**I. Motion for Reconsideration**

Plaintiff moves for the Court to reconsider the Court's prior Order (ECF No. 99) denying Plaintiff's Motion for Appointment of Counsel (ECF No. 94). Plaintiff states that the purpose of the Motion is to "try and show this court that in fact the Plaintiff could use assistance with his case." ECF No. 118 at 1.

    A.    <u>Background</u>

Plaintiff is a *pro se* inmate proceeding *in forma pauperis* bringing constitutional claims under 42 U.S.C. § 1983. After screening Plaintiff's claims according to 28 U.S.C. § 1915, the Court permitted Plaintiff's Eighth Amendment failure to protect claim to proceed against Defendants Moyle and against John Doe 1 and Jane Doe 2 when Plaintiff learned their identities. ECF No. 15 at 7. The Court also permitted Plaintiff's Eighth Amendment deliberate indifference to serious medical needs to proceed against John Doe 3 when Plaintiff learned his identity. *Id.*

    B.    <u>Legal Standards</u>

Ninth Circuit precedent and the Local Rules of Practice of the District of Nevada provides that the Court "possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." United States District Court for the District of Nevada Local Rule 59-1; *see also Petrarca v. Aranas*, Case No. 2:15-cv-001231-RFB-CWH, 2016 WL 884638,

at *1 (D. Nev. Mar. 7, 2016) (citing *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)). Local Rule 59-1, and prior Ninth Circuit cases, also provide that reconsideration may generally be appropriate if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1; *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010). As this Court has previously stated, "[a] motion for reconsideration is not an avenue to relitigate the same issues and arguments upon which the court already has ruled." *Petrarca*, 2016 WL 884638, at *1 (internal quotation marks omitted) (quoting *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004)).

A *pro se* litigant does not have a constitutional right to appointed counsel upon filing a 42 U.S.C. § 1983 civil rights claim. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Instead, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When considering the potential appointment of counsel for an indigent *pro se* plaintiff, the Court must consider whether there are "exceptional circumstances" warranting such an appointment. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Ninth Circuit employs a two-prong test to determine whether exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court must evaluate the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1311 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn*, 789 F.2d at 1331. The circumstances in which a court will grant a *pro se* plaintiff's request for counsel in a civil rights action, however, are "exceedingly rare," and a court will grant such a request under "only extraordinary circumstances." *Anderson v. Nevada*, Case No. 3:16-cv-00056-RCJ-WGC, 2017 WL 11479417, at *1 (D. Nev. Nov. 22, 2017) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn*, 789 F.2d at 1331).

C. Discussion

Applying the first prong of the *Terrell* test above, it is still true that Plaintiff may ultimately prevail on his Eighth Amendment claims. However, turning to the second prong of the test, Plaintiff relies on arguments similar to those he made in his original Motion for Appointment of Counsel (ECF No. 94). Plaintiff states that he "does not fully understand what is being presented to both him and the court." ECF No. 118 at 2. As evidence of his inability to comprehend court proceedings, Plaintiff also submitted the results of a previous mental evaluation. *Id.* The evaluation, the results of which are attached to the Motion, gave Plaintiff a Global Assessment of Functioning ("GAF") score of 40. *Id.* at 9. According to the GAF score scale submitted by Plaintiff, this score indicates that Plaintiff has "some impairment in reality testing or communication . . . OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." *Id*. at 11. The date of the attached report is July 7, 2008, long before this action was originally filed in September 2018. *Id*. at 9. While Plaintiff has not submitted this document previously, it does not reveal any intervening change in Plaintiff's ability to litigate his case. In fact, Plaintiff's Motion includes no newly discovered evidence that warrants appointment of counsel. While the Court understands that Plaintiff has had no formal training in law, a lack of adequate legal knowledge is not an exceptional circumstance warranting the appointment of counsel. *Zamaro v. Moonga*, 656 Fed. App'x 297, 299 (9th Cir. 2016).

As noted by the Court, the second prong of the *Terrell* factors weighs against appointment of counsel since Plaintiff has had no problem articulating his claims. ECF No. 99 at 2. Plaintiff's Eighth Amendment failure to protect and deliberate indifference to serious medical needs claims are not legally complex. *Id.* at 3; *Warren v. Nev. Dep't of Corrs.*, Case No. 3:17-cv-00228-MMD-WGC, 2020 WL 5044136, at *2 (D. Nev. Aug. 25, 2020) (Eighth Amendment failure to protect claim insufficiently complex to warrant appointment of counsel); *Bacon v. Cox*, Case No. 2:18-cv-00319-JAD-NJK, 2019 WL 8013764, at *1 (D. Nev. Feb. 28, 2019) (Eighth Amendment deliberate indifference to serious medical needs claim insufficiently complex to warrant an appointment of counsel).

Since Plaintiff's Motion does not: (1) establish any change in circumstances; (2) introduce newly discovered evidence that alters the Court's analysis; (3) establish clear error by this Court; or (4) present a change in the law that would warrant reconsideration of the Court's prior order, Plaintiff's Motion for Reconsideration (ECF No. 118) is denied.

**II.     Request for an I-File Review**

Plaintiff requests an opportunity to review information contained in his I-File (institutional file) to best prepare for trial. ECF No. 119 at 1. Plaintiff also states that he believes that the prison's administrative regulations allow an inmate to view their I-File once per year. *Id.* Plaintiff states that he is concerned that certain information would be taken out of the I-File and therefore requests access to an unredacted version of his file. *Id.*

Plaintiff is correct that the Nevada Department of Corrections ("NDOC") administrative regulations allow an inmate to review his or her I-File. NDOC Administrative Regulation ("AR") 568 provides that NDOC "will allow an inmate to review their respective institutional file (I-File) for the purpose of challenging the accuracy or completeness of certain non-confidential information contained therein." NDOC AR 568.01. AR 568 also provides that "Associate Wardens and institutional/facility caseworkers will maintain the appropriate request form, DOC-2022, Request for Review of Institutional File, to ensure that these forms are accessible." NDOC AR 568.03. The regulation provides that an "inmate will only be permitted to review their I-File records once in a 12-month period, except under unique and special circumstances such as viewing the record prior to a . . . judicial hearing." NDOC AR 568.06.

Plaintiff's Request for an I-File Review did not mention any attempt to pursue a review of his I-File through the established regulations. While Plaintiff mentions his concern about redactions to his I-File, he does not explain why a review of an unredacted version is necessary in order for him to prepare for trial. AR 568 does place limits on inmate access to their I-File, stating that inmates will not be allowed to access information which might "endanger the well-being of the subject or other persons", "endanger the security" of the institution or any other facility housing inmates, "disclose personal or confidential information" of any person other than the subject, or "impede, hinder or compromise an investigation or the outcome of criminal or administrative

proceedings" engaged in by NDOC.  NDOC AR 568.02.  In addition, "Pre-Sentence Investigation (PSI) reports are excluded from reproduction, along with any other confidential documents."  *Id.*

Since Plaintiff has not shown that he has exhausted the administrative procedure that allows an inmate to review his I-File, and has not established why it would be necessary for him to review an unredacted version of his I-File, the Court will deny Plaintiff's Request without prejudice.  The Court recommends that Plaintiff complete DOC-2022: Request for Review of an Institutional File to seek review of his I-File.  If Plaintiff is unable to secure sufficient review of his I-File through the established administrative procedure, Plaintiff may renew his request to this Court.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 118) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for an I-File Review (ECF No. 119) is DENIED without prejudice.

DATED this 9th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5