UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KINFORD,<br><br>            Plaintiff,<br>v.<br>SHANNON MOYAL, et al.,<br><br>            Defendants. | Case No.  2:18-cv-01890-RFB-EJY<br><br>**ORDER** |

**I.      Background**

On March 23, 2022, after hearing oral argument by the parties pertaining to various motions then pending, the Court entered an Order stating: "IT IS FURTHER ORDERED that Plaintiff is granted leave to file a motion requesting information on the identities of the John and Jane Doe defendants left in this case. Plaintiff should specify the time frame (within two months) of his discussion with these individuals as well as a physical description of the individuals, and an argument as to why he is entitled to this information.  Plaintiff must submit this motion on or before April 13, 2022.  Defendants will be permitted to oppose in accordance with the timeline set out in LR 7-2." On March 28, 2022, in response to the Court's Order, Plaintiff filed a Motion for Discovery Pursuant to FRCP 56(d).  ECF No. 189.  Plaintiff states that the purpose of his Motion is to provide "the Court with sufficient factual information of the identities of the John and Jane Doe defendants left in this case." *Id*. at 1.

Plaintiff identifies Jane and John Does 1 and 2 as Correctional Officers holding the positions of sergeant and lieutenant on the approximate dates between "September 2015 through November 30, 2015, while assigned to NNCC." *Id*. at 3.  Plaintiff says a female sergeant with shoulder length brown hair interviewed him on September 24, 2015. *Id*. at 4.  He then says that "John and Jane Does (1-2) hold information and sources of discoverable papers, reports, medical records, housing assignments, [and] case notes entered by Defendant Shannon Moyle, including shift rosters of post assignments." *Id*. at 5.  Plaintiff seeks shift rosters, sign-in logs of medical staff, custody/operation log entries, housing assignments, and case note log entries for various dates included in the time period September 1, 2015 through December 31, 2015. *Id*. at 6.

1

Defendant responds to Plaintiff's Motion arguing that Plaintiff "failed to diligently attempt to identify the Doe Defendants," which is the result of "his own lack of effort[] because Defendant Moyle participated in discovery, provided disclosure of documents[1] and was amenable to several extensions in the past." ECF No. 191 at 2. Defendant further argues that Plaintiff's Motion exceeds the Court's Order limiting Plaintiff to a time frame of two months and a physical description of the Doe Defendants. *Id*. Defendant states that "[t]he names of the Doe Defendants have no bearing on the merits of Defendant Moyle's motion for summary judgment and Kinford makes no specified arguments that their identifies will have an impact on his ability to argue against Defendant Moyle's dispositive motion."[2] *Id*. at 3. Defendant further points out that Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment in which he made no Rule 56(d) argument. *Id.*

## II.    Discussion

The Court's March 23, 2022 Order provided specific instructions to Plaintiff; that is, Plaintiff was allowed to file a motion, which he did, providing a physical description of two individuals still unidentified in this case, which he did not do. Plaintiff's Motion refers to one female individual as having shoulder length brown hair, but no other physical description. Plaintiff provides no physical description of the male lieutenant. Even liberally construing Plaintiff's Rule 56(d) Motion as responsive to the Court's March 23, 2022 Order, he fails to comply with that Order.

Nonetheless, with respect to Fed. R. Civ. P. 56(d), the U.S. District Court for the Northern District of California explains the following:

> The Ninth Circuit has made clear that in cases involving *pro se* prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:
>
> > Under Rule 56(f) [(the predecessor to current Rule 56(d))], the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is

---

[1] Defendant does not indicate whether any of the documentation Plaintiff currently seeks was included in the document production provided.

[2] Defendant offers no explanation for why what Plaintiff seeks has no bearing on the merits of his pending Motion for Summary Judgment.

> generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988); *Harris v. Pate*, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. *Klingele*, 849 F.2d at 412.

*Crawford v. Combs*, Case No. 17-cv-03-89-YGR (PR), 2020 WL 1043625, at *2 (N.D. Cal. Mar. 4, 2020) *quoting Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted and brackets added). Here, Plaintiff states in his Motion and Affidavit that he notified Defendant Moyle of the events underlying his claims, that a female sergeant and male lieutenant on duty on September 14, 2015 made reports regarding Plaintiff's sexual assault by another prisoner, and that Defendant Moyle made case notes regarding his complaint of assault. Plaintiff also states he was placed in administrative segregation and moved multiple times from facility to facility resulting in the loss of his personal papers and property relating to this lawsuit. In contrast, no discovery requests were pending at the time the Court issued its Order allowing Plaintiff to seek limited additional information. Discovery is closed and the only remaining motion for summary judgment was fully briefed as of October 14, 2021.

Plaintiff's movement from facility to facility may explain why he was unable to seek the discovery he now seeks, but Plaintiff does not explain why he did not seek Rule 56(d) relief when he filed his Opposition to Defendant's Motion for Summary Judgment, a time when he clearly should have known that the information he now seeks was at least potentially needed to oppose the Motion. Plaintiff also does not provide any physical description of the male lieutenant and provides very limited information about the female sergeant. Perhaps most importantly, Plaintiff's request for documents far exceeds what the Court allowed through its Order.

After careful consideration, the Court finds, on balance, that information Plaintiff seeks is not fruitless and that the requests are in direct response to a court order. The Court further finds Plaintiff repeatedly refers to a September 24, 2015 events that may have been recorded by NNCC or NDOC employees including Defendant. The Court finds that given the law of this Circuit, and

the request under Rule 56(d), that the standard under Fed. R. Civ. P. 16(b) is not necessarily applied in this circumstance as Plaintiff has not made a request to extend time, but a request arising directly from a Court Order.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Discovery Pursuant to FRCP 56(d) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant shall produce the following responsive documents, if any, to Plaintiff:

- NCC shift rosters for the Custody and Operations Office on September 24, 2015 showing the names of any female sergeants and male lieutenants on duty in that office on that date. All other names may be redacted;

- Case note log entries made by NDOC employees pertaining to Plaintiff that reference events occurring on or very near September 24, 2015, including, but not limited to, any assault on Plaintiff by an inmate named Canada;

- NNCC custody or log entries for September 24, 2015 referencing Plaintiff, including the names of any sergeant or lieutenant who interacted with or were otherwise involved with Plaintiff's report of a physical attack on that date;

- Any case note or log entry made by Defendant Shannon Moyle regarding any report by Plaintiff of a physical attack irrespective of the date of that report.

IT IS FURTHER ORDERED that Defendant **shall** produce responsive documents, if any, to Plaintiff within **thirty (30) days** of the date of this Order. Defendant shall file a notice with the Court within **three (3) days** of the production advising the Court of the date and general description of what was produced.

IT IS FURTHER ORDERED that if Plaintiff seeks to amend his Opposition to Defendant's Motion for Summary Judgment (ECF No. 150), he must do so no later than **ten (10) days after** he receives responsive documents, if any, from Defendant. Plaintiff **must** attach to his Motion to Amend his Opposition the proposed Amended Opposition. Defendant shall have fourteen (14) days to oppose any proposed Amendment. Plaintiff shall have seven (7) days to file a reply.

DATED this 13th day of April, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE