UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN KINFORD,

    Plaintiff,

v.

SHANNON MOYAL, et al.,

    Defendants.

Case No. 2:18-cv-01890-RFB-EJY

**ORDER**

Based on the Court's familiarity with this case, as well as the concerns underlying Plaintiff's most recent motion filings, this Order is issued without waiting for Defendant's opposition in an effort to bring the matter of amendment to a long pending Motion for Summary Judgment to a close.

## I.   Background

On April 13, 2022, the Court entered an Order granting Plaintiff's Fed. R. Civ. P. 56(d) Motion, in part. ECF No. 194. On May 13, 2022, Defendant filed a Status Report with Court demonstrating full compliance with that Order. In the Status Report Defendant identified documents originally produced to Plaintiff on June 14, 2021, but which Defendant provided to Plaintiff again in response to the Court's Order. ECF No. 199. Defendant further identified those portions of the Court's Order to which there were no responsive documents. *Id*. Plaintiff now moves to require Defendant to supplement its production again stating he may have been confused about the rank of a particular female he seeks to identify. ECF No. 201. Plaintiff also moves to extend the time within which he may amend his Opposition to Defendant's Motion for Summary Judgment. ECF No. 200.

## II.   Discussion

As previously stated, Fed. R. Civ. P. 56(d), the U.S. District Court for the Northern District of California explains the following:

> The Ninth Circuit has made clear that in cases involving *pro se* prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:
>
> Under Rule 56(f) [(the predecessor to current Rule 56(d))], the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is

1

> generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988); *Harris v. Pate*, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence).  Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. *Klingele*, 849 F.2d at 412.

*Crawford v. Combs*, Case No. 17-cv-03-89-YGR (PR), 2020 WL 1043625, at *2 (N.D. Cal. Mar. 4, 2020) *quoting Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted and brackets added).

Here, the Motion for Summary Judgment at issue was fully briefed on October 14, 2021. *See* Docket.  Plaintiff has all of the documents, recently produced for a second time by Defendant, since June 2021.  Plaintiff's case commenced in September 2018.  Discovery opened in this matter with the Scheduling Order issued by the Court on November 24, 2020.  ECF No. 83.  Discovery did not close until June 14, 2021.  ECF No. 112.  This seven month period provided Plaintiff with ample time to seek and obtain information about the individuals he alleges have some information relevant to his case.

This Court is vested with broad discretion to permit or deny discovery "and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) *citing Goehring v. Brophy,* 94 F.3d 1294, 1305 (9th Cir. 1996) (quoting *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988)); *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." (citation omitted)). After careful consideration the Court finds another round of required document production, almost a full year after the close of discovery and seven months after the Motion for Summary Judgment was fully briefed, is not justified.  Plaintiff's request also belies the goals of Rule 1 of the Federal Rules of Civil Procedure.  Rule 1 requires the Court to construe, administer, and employ the Rules of Civil Produce "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Doing so requires bringing an end to Plaintiff's requests for additional discovery.

However, the Court will grant Plaintiff additional time to file an amended opposition to Defendant's Motion for Summary Judgment based on documents received by Plaintiff on May 13, 2022.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Amend Opposition (ECF No. 200) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff may file an amendment to his Opposition to Defendant's Motion for Summary Judgment (ECF No. 150) to address information provided to him (for the second time) on May 13, 2022.  Plaintiff must do so no later than **June 3, 2022**.  Defendant shall have fourteen (14) days to oppose the Amendment.  Plaintiff shall have seven (7) days to file a reply.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Information on Jane Doe Defendant (ECF No. 201) is DENIED.

DATED this 18th day of May, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE