UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KINFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHANNON MOYAL,<br><br>　　　　　Defendant. | Case No. 2:18-cv-01890-RFB-EJY<br><br>**ORDER** |

　　　　Before the Court are what appear to be largely identical Motions to Seal Exhibits filed by Defendant at ECF Nos. 207 and 211. The Motions asks to seal Exhibits A, B, C, and D that were filed in opposition to Plaintiff's motions for injunctive relief filed at ECF Nos. 198 and 203. *See* 207 at 2; 211 at 2. The Exhibits were filed twice; that is, once in response to Plaintiff's Motion for Temporary Restraining Order (ECF No. 206), and a second time in response to Plaintiff's Motion for Preliminary Injunction (ECF No. 210). Further, despite the fact that the Exhibits Defendant seeks to seal are Plaintiff's medical records, Defendant says allowing Plaintiff to have copies of these records in his cell is a security risk. No basis for why these records would cause a security risk is offered other than a reference to a generally applicable Administrative Regulation.

　　　　As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to ... temporary restraining orders" and motions seeking preliminary injunctive relief. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, Case No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29,

2011). Compelling reasons for maintaining secrecy of records filed with the Court requires demonstration that the publicly filed document has the potential to become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Importantly, medical privacy also meets the compelling reason standard. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n. 1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at *1–2 (D.HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1–2 (D. HI. June 25, 2010); *Wilkins v. Ahern*, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. Tri West Healthcare Alliance Corp.*, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009).

The Court has considered Defendant's Motions and the documents sought to be sealed. The Court finds medical records are properly sealed as they contains personal information regarding Plaintiff that should not be disclosed to the public.

IT IS HEREBY ORDERED that Defendant's Motions for Leave to File Exhibits Under Seal (ECF No. 207 and 211) are GRANTED.

IT IS FURTHER ORDERED that Exhibits A, B, C, and D to ECF Nos. 206 and 210 are sealed.

IT IS FURTHER ORDERED that Defendant shall immediately mail a copy of these Exhibits to the Warden of the instruction in which Plaintiff is housed who **must** allow Plaintiff to retrieve the same and keep them in his cell for purposes of preparing his Reply.

DATED this 26th day of May, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE